# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LEONID KHAYET,**

    **Plaintiff,**

    v.

**TODD CUSHING, et al.,**

    **Defendants.**

Case No. 17-CV-2624-CM-GLR

## MEMORANDUM AND ORDER

The Court addresses two motions: Motion for Leave to Appear Pro Hac Vice on behalf of Defendant Todd Cushing (ECF 17); and Plaintiff's Motion for Extension of Time (ECF 51). For the following reasons the Court denies the motion for extension of time and grants the Motion for Leave to Appear Pro Hac Vice.

### I. Relevant Procedural History

On February 2, 2018, Defendant Todd Cushing's local counsel filed a motion for attorney Robert W. Futhey to appear pro hac vice (ECF 17). Plaintiff filed a response in opposition to the pro hac vice motion. He also filed several more motions related to the pro hac vice motion. The Court has already addressed them.[1]

The Court held a hearing on the pro hac vice motion on May 1, 2018. At that time it instructed Defendant to file supplemental authority, regarding a case pending in the United States District Court for the District of Nebraska. The Court further instructed Plaintiff to file a response to the supplemental authority by May 11, 2018. Plaintiff instead filed the Motion for Extension of Time, which the Court will address first.

---

[1] *See* ECF 21, ECF 22, ECF26, ECF 27, ECF 28, ECF 30, and ECF 32.

**II.     Motion for Extension of Time**

Plaintiff asks for an indefinite extension of time to respond to the supplemental authority provided by Defendant. The reason for his request seems to be related to his disagreement with an order in the Nebraska case. Plaintiff proposes to incorporate the Nebraska court's ruling in his opposition to the pro hac vice motion.

Defendant opposes the request on grounds Plaintiff has not demonstrated good cause for an extension. Defendant suggests that Plaintiff is purposely and in bad faith trying to delay resolution of the pending motion to dismiss in this case.

Plaintiff has not shown good cause to justify an indefinite extension of time to file his response. He simply states he needs more time to incorporate an order from the Court in Nebraska, which he attached to his motion to continue.[2] But that order addresses primarily Plaintiff's motion to dismiss in the Nebraska case, and this Court finds little or no relevancy to the issues in this litigation. At the May 1, 2018 hearing, the Court instructed the parties to file supplemental authority with their position as to whether the Nebraska order filed in this case as ECF 48 is binding on this Court.

The Court does not rely on the Nebraska court's ruling in granting the pro hac vice motion. Although Defendant submitted supplemental authority in support of his argument that this Court should follow the Nebraska court's ruling, district court decisions are not controlling precedent.[3] The Court agrees with the Nebraska court that no conflict of interest exists, but for its own reasons, as discussed below. Because Plaintiff has not shown good cause for his requested indefinite extension of time, the Motion for Extension of Time is denied.

---

[2] ECF 51-4.

[3] *Garcia v. Tyson Foods, Inc.*, 534 F.3d 1320, 1329 (10th Cir. 2008).

### III. Motion for Leave to Appear Pro Hac Vice

Plaintiff's objection to the pro hac vice motion is based on his belief that a conflict of interest exists between Defendant and Defendant's employer, Nebraska Data Centers, LLC. Plaintiff believes Mr. Futhey cannot represent both an employer and an employee, though only the employee (Defendant Todd Cushing) is a party to this case.

Defendant says there is no conflict. Specifically, he argues Plaintiff lacks standing to assert any alleged conflict of interest. He also argues that, even if Plaintiff does have standing, there is no compelling reason for the Court to override Defendant's right to select his own counsel.[4] Defendant suggests the Nebraska court has already heard and ruled against Plaintiff on this issue, and that this Court should follow that ruling. Defendant argues the First-to File Rule applies to this action, and since the original case was filed in Nebraska and the Nebraska court has found there is no conflict, this Court should do the same.[5]

Plaintiff's argument overlooks the fact that in many instances a lawyer may represent clients who have a conflict of interest in some matters, but nevertheless have mutuality of interests in other relevant matters. One example is that an attorney may represent both a liability insurer and its insured as co-defendants against a common claimant seeking damages for personal injury. And yet the insurer and insured may have an underlying disagreement as to whether the insurance indeed provides coverage for the underlying damages. Another example is an attorney may represent both the manufacturer and distributor of a product against a claim for damages allegedly caused from its use. Although each defendant faults the other for creating an unsafe product if the plaintiff recovers a verdict, they nevertheless jointly retain an attorney to

---

[4] ECF 24.

[5] ECF 52.

defend themselves against the claimant. A third example is a lawsuit by an aggrieved homeowner who sues both the general contractor and a subcontractor for the defective construction of his house. The defendants may agree to retain the same attorney against the buyer, notwithstanding their disagreement as to which of them was at fault for any breach of the building contract. These are just some examples of litigation in which an attorney may be the preference of several clients with a common interest, notwithstanding their conflicts of interest with regard to other related matters.

The existence of a conflict of interest, whether real, conjectural, or imaginary, does not itself direct a court to reject an otherwise permissible attorney-client relationship. Nor does it provide to an adversary litigant, here the Plaintiff, a cause to override his opposing party's choice of counsel. Although not an absolute right, a person's right to choose his own counsel "may be overridden only where compelling reasons exist."[6] Plaintiff has shown no compelling reason for the Court to disqualify Mr. Futhey as Defendant's counsel.

The Court finds that the motion to appear pro hac vice and Mr. Futhey's supporting affidavit are complete and comply with D. Kan. Rule 83.5.4. The required filing fee has been paid. Accordingly, the Court grants the Motion for Leave to Appear Pro Hac Vice (ECF 17). Plaintiff is reminded that he has 14 days from the date of this order to respond to Defendant's Motion to Dismiss (ECF 18).[7]

**IT IS THEREFORE ORDERED BY THE COURT** that Motion for Leave to Appear Pro Hac Vice (ECF 17) is **granted**.

---

[6] *Ramsay v. Boeing Welfare Ben. Plans Comm.*, 662 F. Supp. 968, 970 (D. Kan. 1987) (citations omitted).

[7] *See* ECF 44.

**IT IS FURTHER ORDERED BY THE COURT** that the Motion for Extension of Time (ECF 51) is **denied**.

Dated June 14, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
