# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LEONID KHAYET,**

    **Plaintiff,**

    **v.**                                    Case No. 17-2624

**TODD CUSHING,**

    **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Todd Cushing's Motion to Dismiss, Stay, or Alternatively Transfer to District of Nebraska (Doc. 18). Pro se plaintiff Leonid Khayet filed this action against defendant for fraud, fraudulent inducement, and tortious interference with contractual relations in regard to a consulting agreement the parties entered into, in which plaintiff agreed to find a purchaser for the assets of Nebraska Data Centers, LLC. Defendant is employed by Nebraska Data Centers, LLC. Defendant now moves to dismiss, stay, or transfer plaintiff's case arguing, primarily, that plaintiff was enjoined from pursuing this litigation by Judge Laurie Smith Camp of the United States District Court for the District of Nebraska. Plaintiff is currently a defendant in case 8:17-CV-00369 in the District of Nebraska, in which Nebraska Data Centers, LLC sued him for various claims related to the same consulting agreement at issue in this litigation.

At the outset, it is important to note that plaintiff has failed to respond to defendant's motion. Defendant's motion was filed February 2, 2018. The court granted plaintiff's motion for extension of time to respond to defendant's motion (Doc. 23) and gave plaintiff until March 12, 2018 to respond. Plaintiff then requested a stay of deadlines until the court had resolved defendant's pro hac vice motion (Doc. 17). (Doc. 33.) On April 14, 2018, this court granted plaintiff's request and stayed all deadlines

-1-

until the court ruled on defendant's pro hac vice motion. (Doc. 44.) In the order, this court specified that plaintiff would have 14 days after the ruling on the pro hac vice motion to respond to defendant's motion to dismiss. United States Magistrate Judge Gerald L. Rushfelt granted defendant's pro hac vice motion on June 14, 2018 (Doc. 57) and noted that plaintiff would have 14 days to respond to defendant's motion to dismiss. On June 29, 2018, plaintiff filed a Judicial Notice of Technical Failure Pursuant to District of Kansas Rule 5.4.11 (Doc. 58), requesting until June 29, 2018 to file the pleading due on June 28, 2018 because of technical failures with his computer. This court granted plaintiff's request (Doc. 59), which it interpreted as a motion for extension of time to respond to defendant's motion to dismiss, as plaintiff's response was due on June 28, 2018 pursuant to Judge Rushfelt's order. On June 30, 2018, plaintiff filed a Motion to Modify Rules to Meet Emergencies, District of Kansas Rule 1.1(B)(1) and (2); and Notice of Exigent Filings in the District of Nebraska (Doc. 60). Plaintiff has since filed two motions to correct his original motion. (Docs. 61, 62.) In his Motion to Submit Amended Pleading Substituting for Filing 61.1 [Originally Filing 60] (Doc. 62), plaintiff attached his amended motion as exhibit 1. The court will therefore consider exhibit 1, (Doc. 62-1), as the replacement to (Doc. 60) and will grant (Doc. 61) and (Doc. 62).

In his motion (Doc. 62-1), plaintiff makes a number of claims, including accusing United States Magistrate Judge Cheryl R. Zwart of the District of Nebraska of not reading his filings, suggesting that Judge Rushfelt based his order granting defendant's pro hac vice motion on erroneous statements of law, and claiming there is evidence of fraud in the Nebraska case. Plaintiff asks the court to stay any decision on defendant's motion to dismiss in this case until he can provide evidence of fraud in the Nebraska case. So, rather than filing a response to defendant's motion to dismiss as ordered by this court on April 18, 2018 (Doc. 44), plaintiff has filed a pleading attempting to further delay this case. The court will not interpret plaintiff's motion (Doc. 62-1) as a response to defendant's motion to dismiss and instead will

find plaintiff, after receiving numerous extensions of time, has failed to respond. The court will therefore consider defendant's motion as uncontested pursuant to D. Kan. Rule 7.4(b). The court, however, cannot grant defendant's motion solely based on plaintiff's failure to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

## I. Background

According to the amended complaint, plaintiff is a private investor who works with investment partners around the world to invest in private assets focused in the Midwest. Defendant is an employee of Nebraska Data Centers, LLC. Plaintiff and defendant met at data center industry event in Kansas City and plaintiff told defendant he was looking for some data center investment opportunities in the Midwest. Plaintiff and defendant began periodically meeting. In April 2017, defendant became president of Nebraska Data Centers, LLC, and on August 8, 2017, plaintiff and Nebraska Data Centers, LLC signed a consulting agreement under which plaintiff agreed to assist in finding a purchaser for the company's assets.

Plaintiff alleges he made multiple introductions between defendant and potential buyers. At some point, plaintiff secured a meeting with a potential buyer in Houston, Texas. Plaintiff claims defendant's actions led Nebraska Data Centers, LLC to ultimately breach the consulting agreement by refusing to cooperate with plaintiff's efforts to secure a purchaser for the assets, and to attempt to terminate the consulting agreement. Plaintiff now brings actions against defendant for one count of fraud, three counts of fraudulent inducement, and one count of tortious interference with contractual relations.

## II. Analysis

### a. *Motion to Dismiss*

Defendant filed a motion to dismiss, stay, or transfer the case to the District of Nebraska. Defendant first argues that, pursuant to the first-to-file rule, this court should dismiss, stay, or transfer this case because a parallel case is currently ongoing in the District of Nebraska, case 8:17-CV-00369. Defendant also argues dismissal is appropriate under Rules 12(b)(2), (5), and (6), claiming service on defendant was insufficient, that the court lacks personal jurisdiction over defendant, and that plaintiff's amended complaint fails to state a claim.

On October 5, 2017, Nebraska Data Centers, LLC filed a complaint in the District of Nebraska against plaintiff requesting a declaratory judgment to determine the parties' rights and obligations under the consulting agreement that is at issue in the present case. On November 2, 2017, Nebraska Data Centers, LLC filed an amended complaint adding claims against plaintiff for tortious interference with a business relationship or expectancy, fraud, negligent misrepresentation, breach of contract, violations of Nebraska's Junkin Act, unfair competition, violations of the Nebraska Uniform Deceptive Trade Practices Act, and trademark infringement.

Plaintiff filed the present action against defendant, who is president of Nebraska Data Centers, LLC, on October 26, 2017 for claims related to the same consulting agreement at issue in the Nebraska case. Nebraska Data Centers, LLC filed a motion to enjoin in the Nebraska case, asking the court to enjoin plaintiff from prosecuting the present case pursuant to the first-to-file rule. In an order filed January 26, 2018, Judge Laurie Smith Camp in the District of Nebraska granted Nebraska Data Center, LLC's motion and enjoined plaintiff from proceeding with this action.[1] Judge Smith Camp found that the parties and issues in plaintiff's District of Kansas case were substantially the same as those in the District of Nebraska case and that although Todd Cushing was the defendant in the District of Kansas

---

[1] *See* (Doc. 19-2). Defendant attached Judge Smith Camp's order as an exhibit in the Memorandum in Support of Defendant's Motion to Dismiss, Stay, or Alternatively Transfer to the District of Nebraska.

case, his interests in both cases are aligned because he is the president of Nebraska Data Centers, LLC. Therefore, because the Nebraska case was filed first, it was in the interest of justice to enjoin plaintiff from simultaneously pursuing duplicative litigation in the District of Kansas. Judge Smith Camp also granted plaintiff an extension of time to file a responsive pleading to the amended complaint so that he could include any counterclaims against Nebraska Data Centers, LLC.

In reviewing Judge Smith Camp's order, as well as the allegations from both cases, the court finds that the present case should be brought in the District of Nebraska under the first-to-file rule. The first-to-file rule "permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court." *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1296 (D. Kan. 2010) (citing *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477 (table), 1999 WL 682883, at *2 (10th Cir. Sept. 2, 1999)). The first-to-file rule does not require identical claims, rather, the claims can be considered duplicative if there is "substantial overlap." *Id.* at 1298. The court agrees with Judge Smith Camp's analysis finding the two actions substantially similar. Both cases involve the same consulting agreement, and although defendant is not the named plaintiff in the Nebraska case, he is the president of Nebraska Data Centers, LLC, the named plaintiff in the Nebraska case. The court acknowledges Judge Smith Camp's order enjoining plaintiff from pursuing this case and finds this action should be brought in the District of Nebraska. Defendant's motion is therefore granted. This case shall be transferred to the District of Nebraska to be heard concurrently with 8:17-CV-00369.

### b. *Plaintiff's Motion to Modify Rules to Meet Emergencies*

Rather than filing a response to defendant's motion to dismiss, plaintiff filed an alternative pleading requesting this court stay any decision on defendant's motion to dismiss until plaintiff can

provide evidence of fraud occurring in the Nebraska case.[2] The court believes plaintiff is further attempting to delay this case. Defendant's motion to dismiss has been pending since February 2, 2018 without any response from plaintiff regarding the substance of the motion. Instead, plaintiff has filed a motion filled with unsubstantiated accusations, including allegations that other federal judges are not reading his filings. It seems, rather, that plaintiff is unhappy with the outcome of the Nebraska case and wishes to use the present action as a vehicle to challenge those decisions. The court finds no reason it should further delay this case based on actions in the Nebraska case. And any issues plaintiff has with Judge Rushfelt's order should have been brought as a motion to review pursuant to D. Kan. Rule 72.1.4(a).

Further, the court's decision that this case should be transferred to the District of Nebraska pursuant to the first-to-file rule is based on this court's independent assessment of the facts. Any actions by any of the parties in Nebraska have no bearing on this court's decision. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss, Stay, or Alternatively Transfer to District of Nebraska (Doc. 18) is granted. This case shall be transferred to the District of Nebraska to be heard concurrently with 8:17-CV-00369.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Strike and Substitute Filing 60 (Doc. 61) and Motion to Submit Amended Pleading Substituting for Filing 61.1 [Originally Filing 60] (Doc. 62) are granted. Exhibit 1 to (Doc. 62) is considered the correct version of (Doc. 60).

**IT IS FURTHER ORDERED** that plaintiff's Motion to Modify Rules to Meet Emergencies, District of Kansas Rule 1.1(B)(1) and (2); and Notice of Exigent Filings in the District of Nebraska Case 8:17-CV-00369 (Doc. 60) is denied. The court considered (Doc. 62-1) as the correct version of (Doc. 60).

Dated July 12, 2018, at Kansas City, Kansas.

---

[2] The court reiterates that it considers (Doc. 62-1) as the correct version of plaintiff's motion originally filed as (Doc. 60).

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**